NOT FOR PUBLICATION

FILED

JAN 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEVI F. SCHULTZ, | No. 08-36047 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-06144-MO |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted December 11, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

Plaintiff-Appellant Levi Schultz appeals the district court's grant of

summary judgment to the Commissioner in a challenge to the Commissioner's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

finding that Schultz is not disabled pursuant to Title XVI of the Social Security Act. We affirm in part, reverse in part, and remand.[1]

1.     We affirm the Administrative Law Judge's ("ALJ") adverse credibility finding with respect to Schultz because it is supported by a "clear and convincing reason[]." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). The ALJ was entitled to discredit Schultz's testimony based on its inconsistency with Schultz's reported daily activities, such as his ability soon after back surgery to hike two to three miles. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004).[2]

2.     We affirm the ALJ's decision to give little weight to Dr. Norelle's opinion that Schultz would be disabled for one year. The ALJ provided "clear and convincing reasons supported by substantial evidence in the record" for

---

[1]  We do not consider Schultz's challenge to the ALJ's conclusion at Step 5 that Schultz could perform other work in the national economy. Schultz waived this challenge by not setting forth an argument to support it in his opening brief. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994).

[2]  The ALJ also discredited Schultz's testimony because of Schultz's history of lying about his physical condition. The validity of that reason may depend on the outcome of a psychological evaluation on remand, discussed *infra*. However, as the ALJ's remaining reason is supported by substantial evidence, the ALJ's credibility assessment is legally valid, even if reliance on Schultz's history of lying was in error. *See Carmickle*, 533 F.3d at 1162.

discounting Dr. Norelle's opinion about disability. *Holohan v. Massanari*, 246 F.3d 1195, 1202–03 (9th Cir. 2001) (internal quotation marks omitted). The ALJ determined that Dr. Norelle's opinion was conclusory and unsupported by clinical findings, a determination supported by the record. *See Batson*, 359 F.3d at 1195. The ALJ also properly concluded that Dr. Norelle's opinion was inconsistent with the medical evidence available at the time period during which the opinion was recorded, and was also contradicted by Schultz's later medical developments. In the months before Norelle wrote the letter but after Schultz's back surgery, Schultz reported to Norelle that he was "doing quite well," "walking daily," and had "no low back pain or lower extremity pain/numbness." Dr. Norelle noted that Schultz's gait was normal. Moreover, the same month that Dr. Norelle wrote her letter, Schultz reported that he had taken a ten-mile hike and could hike two miles resulting only in soreness.

**3.** We affirm the ALJ's decision to reject Dr. Micek's opinion that Schultz would miss two days of work per month, as the ALJ provided clear and convincing reasons for so doing. Dr. Micek offered no medical findings or rationale to support her conclusion, *see Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001), so the ALJ properly inferred that Dr. Micek's opinion was based on Schultz's own reports. Where an applicant's credibility has been permissibly discounted, an ALJ

3

may disregard a physician's opinion based on the applicant's "subjective complaints and on testing within [the claimant's] control." *Id.*

**4.**     We hold, however, that the ALJ failed to develop the record with respect to Schultz's mental impairments, a duty "triggered . . . when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001).  As a result, the ALJ's residual functional capacity ("RFC") analysis did not account for any limitations posed by Schultz's recognized mental impairments of possible conversion reaction, history of delusional state, or depression.

The state psychologists' review, on which the ALJ relied for his RFC analysis, preceded Schultz's delusional episode and identified only a learning disorder as the mental impairment under evaluation.  Moreover, despite the "broad latitude" granted the Commissioner concerning whether to order consultative examinations, *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001) (internal quotation marks omitted), the ALJ's rationale for not ordering an examination—that a "one-shot [psychological] evaluation" would not help the disability assessment because Schultz "exaggerated his problems to the point of fabrication"—cannot suffice.  The rationale is pure speculation; after the psychological evaluation is conducted, not before, the ALJ will be in a position to

4

ascertain whether or not it is reliable and helpful.  Moreover, that rationale does not explain why a person whose psychological problems seem to include delusions could not be evaluated to determine whether he has delusions and whether they affect his functionality.  We therefore reverse the district court's grant of summary judgment to the Commissioner and remand for development of the record as to Schultz's mental impairments.

## CONCLUSION

We **AFFIRM** the district court's conclusion that the ALJ properly discredited Schultz's testimony and gave little weight to the opinions of Drs. Norelle and Micek.  We **REVERSE** the district court's affirmance of the ALJ's refusal to order a psychological consultation.  We **REMAND** to the district court with instructions to remand to the Commissioner for additional administrative proceedings consistent with this disposition.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED.**